IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF/RESPONDENT

V.                          Criminal No. 2:12-cr-20010-PKH-MEF-1

ROGER BATES                                              DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant/Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed September 19, 2016. (Doc. 72) The United States filed its response on October 12, 2016. (Doc. 81) Defendant/Petitioner filed a reply on December 19, 2016. (Doc. 85) The matter is ready for Report and Recommendation.

**I. Background**

On March 6, 2012, Defendant/Petitioner, Roger Bates ("Bates"), was named in an Indictment charging him with six counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. 1) Bates was arrested on March 20, 2012, and he appeared for arraignment before the Hon. James R. Marschewski, United States Magistrate Judge, on March 23, 2012, at which time Bates entered a not guilty plea to each count of the Indictment. (Doc. 5) Bates was represented by retained counsel, Earnest "Ernie" Witt ("Witt"). (Id.)

Bates sought and received three continuances of the trial date. (Docs. 10, 11, 12, and related Text Only Orders) On July 11, 2012, a Superseding Indictment was issued charging Bates with six counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e), and two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc.

13) Bates was arraigned on the Superseding Indictment on July 19, 2012, at which time he entered a not guilty plea to all charges. (Doc. 17)

On August 13, 2012, Bates appeared before the Hon. P. K. Holmes, III, Chief United States District Judge, for a change of plea hearing. (Doc. 20) Pursuant to a written plea agreement, Bates pleaded guilty to Counts I and V of the Indictment charging him with sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e). (Doc. 20; Doc. 21, ¶ 1) The Court tentatively approved the plea agreement and ordered a Presentence Investigation Report. (Doc. 20)

An initial Presentence Investigation Report ("PSR") was prepared on October 22, 2012. (Doc. 27, p. 1) Bates' conduct in Count I resulted in a base offense level of 32. (Doc. 27, ¶ 60) A four-level specific offense characteristics enhancement was assessed because the offense involved a minor who had not attained the age of 12 years. (Doc. 27, ¶ 61) A two-level specific offense characteristics enhancement was assessed because the minor was in Bates' custody, care, or supervisory control at the time of the offense. (Doc. 27, ¶ 62) Bates' conduct in Count V resulted in a base offense level of 32. (Doc. 27, ¶ 67) A four-level specific offense characteristics enhancement was assessed because the offense involved a minor who had not attained the age of 12 years. (Doc. 27, ¶ 68) A two-level specific offense characteristics enhancement was assessed because the offense involved the commission of a sexual act or sexual contact. (Doc. 27, ¶ 69) Another two-level specific offense characteristics enhancement was assessed because the minor was in Bates' custody, care, or supervisory control at the time of the offense. (Doc. 27, ¶ 70) After considering Bates' relevant conduct as to victims "AG" and "MB," and taking into account the multiple count adjustment pursuant to U.S.S.G. § 3D1.4, the greater of the adjusted offense levels was determined to be 40, and the combined adjusted offense level was determined to be 44. (Doc.

27, ¶¶ 75-81, 82-87, 88-91)  As Bates had engaged in a pattern of activity involving prohibited sexual conduct, the offense level was increased to 49 pursuant to U.S.S.G. § 4B1.5(b)(1). (Doc. 27, ¶ 92)  No reduction for acceptance of responsibility was reported (Doc. 27, ¶ 93), so Bates' total offense level was determined to be 49 (Doc. 27, ¶ 94).

Bates was found to have zero criminal history points, placing him in criminal history category I.  (Doc. 27, ¶ 99)  The PSR noted that two drug-related cases were pending in Johnson County Circuit Court.  (Doc. 27, ¶¶ 101-102)

The statutory minimum term of imprisonment for each count of conviction is 15 years, with a statutory maximum term of imprisonment of 30 years on each count, resulting in a total minimum term of imprisonment of 30 years and a total maximum term of imprisonment of 60 years. (Doc. 27, ¶ 121)  Based on a total offense level of 49[1] and a criminal history category of I, the advisory guideline range for imprisonment was Life; however, pursuant to § 5G1.2(d), where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.[2]  (Doc. 27, ¶ 121)

On November 1, 2012, the United States advised that it had one objection to the PSR relating to paragraphs 135 and 136.  (Doc. 27, p. 21)  More specifically, the United States submitted that restitution should be ordered for the costs of both present and future physical, mental, and psychological care and therapy of the minors depicted in the counts of conviction, as well as any other restitution covered under the mandatory restitution provision of Chapter 110; that Bates owns

---

[1] A total offense level of more than 43 is to be treated as an offense level of 43.  (Doc. 27, ¶ 122)

[2] Therefore, Bates' guideline range for imprisonment was 720 months.  (Doc. 27, ¶ 121)

five acres of land in London, Arkansas worth approximately $15,000.00; and, that the Government contended this is a reasonable amount of restitution to be paid in this case. (Id.) In response, the Probation Officer revised the PSR to reflect the applicability of restitution pursuant to 18 U.S.C. § 2259 and U.S.S.G. § 5E1.1, and to report that the victims had not submitted documentation regarding specific loss amounts incurred as a result of the offenses. (Id.)

On November 2, 2012, Bates advised that he had one objection to the PSR relating to Paragraphs 27 and 36. (Doc. 27, p. 21) Bates denied that he gave KM a razor and made her shave her legs while she stayed overnight with him, and he denied that he admitted to taking photos of KM while she sat naked in the bathtub. (Id.) Noting that the reported information was derived from discovery material provided during the presentence investigation, the Probation Officer made no changes to the PSR. (Doc. 27, p. 22)

Sentencing was held on December 18, 2012. (Doc. 25) The Court made inquiry that Bates was satisfied with his counsel; the PSR was reviewed; counsel and Bates were afforded the opportunity to make statements; and, the Court imposed a guidelines sentence of 360 months imprisonment on Counts I and V to run consecutively, lifetime supervised release to run concurrently, no fine, restitution of $4,000.00, and a total of $200.00 in special assessments. (Doc. 25) Judgment was entered by the Court on December 20, 2012. (Doc. 28) No direct appeal from the Judgment was taken.

On December 24, 2013, Bates filed his first *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 44) Bates alleged one ground for relief: ineffective assistance of counsel for failing to file a notice of appeal after having been instructed to do so. (Doc. 44, p. 4) Bates argued that he was "deprived of his statutory right

to appellate review of his conviction and sentence because he was abandoned by his retained counsel." (Doc. 45, p. 4)  A Report and Recommendation by Judge Marschewski was submitted on August 22, 2014, in which it was noted that the Government agreed not to contest Bates' contentions regarding his directive to his trial counsel to appeal the sentence imposed, and that an order should be entered re-sentencing Bates for purposes of allowing him to pursue an appeal.  (Doc. 58)  An Order adopting the Magistrate Judge's Report and Recommendation was entered by Chief Judge Holmes on September 10, 2014, and Bates' motion to vacate was granted.  (Doc. 59)  The Judgment (Doc. 28) entered on December 20, 2012, was vacated, and the Court reaffirmed the original sentence and directed the Clerk of the Court to enter an Amended Judgment imposing the same terms as the original Judgment in order to allow the time for appeal to begin again.  (Doc. 59)  The Amended Judgment was entered on September 10, 2014.  (Doc. 60)  Bates then timely filed notice of appeal on September 18, 2014.  (Doc. 61)

On appeal, Bates argued that his sentence was substantively unreasonable.  (Doc. 67-2, p. 2)  Finding no abuse of discretion in imposing the 720-month sentence, and no sentencing disparity[3], the Court of Appeals for the Eighth Circuit denied Bates' appeal and affirmed his sentence on June 18, 2015.  (Doc. 67-2)  The Mandate was issued on July 9, 2015.  (Doc. 67)

On January 4, 2016, Bates filed a *pro se* Motion to Compel, seeking an order compelling his trial counsel to provide "the requested discoverable material so that the petitioner may file his § 2255 motion in a timely manner."  (Doc. 68)  The Motion to Compel was denied by Order (Doc. 71)

---

[3] Citing *United States v. Baughman*, 597 F. App'x 899, 899-900 (8th Cir. 2015) (per curiam) (upholding the statutory 720-month sentence for a two count conviction of child-pornography production, rejecting the defendant's claim that his crime was not as serious as other child pornography offenses).

entered on April 6, 2016, the Court stating:

> "This case, including Bates's petition filed pursuant to 28 U.S.C. § 2255, has been resolved. There is no pending case or controversy. If Bates seeks to file a successive petition *and is allowed to proceed*, he can seek formal discovery at that point in accordance with any applicable rules."

(Doc. 71, p. 2) (emphasis added)

Bates did not seek permission from the Court of Appeals for the Eighth Circuit to file a second or successive petition under 28 U.S.C. § 2255.

On September 19, 2016, and without authorization from the Eighth Circuit, Bates filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which is now pending before this Court. (Doc. 72) The United States filed its response on October 12, 2016. (Doc. 81) Bates filed a supplement, an Affidavit from Geneva Maria Bates, on November 14, 2016. (Doc. 83) Bates then filed his reply to the Government's response on December 19, 2016. (Doc. 85)

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Bates' § 2255 motion and the files and records of this case conclusively shows that this Court is without authority to consider the motion, and the undersigned recommends that the motion (Doc. 72) be dismissed with prejudice.

### The § 2255 Motion is a Second or Successive Motion

The Anti-Terrorism and Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, imposed procedural requirements on federal prisoners, like Bates, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. 28 U.S.C. § 2255 also provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244. A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

The Eighth Circuit has indicated that when a successive § 2255 motion is filed in the district

court without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion. *See United States v. Matlock*, 107 F. App'x 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) (unpublished opinion) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir. 2000) (unpublished table decision) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction).

The United States asserts that Bates' pending § 2255 motion is a "second or successive motion" filed without first obtaining certification from the Eighth Circuit. As such, the United States submits that the Court lacks jurisdiction to consider Bates' § 2255 motion. (Doc. 81) Bates contends that "[a]ll other issues were not addressed [by the Court of Appeals] as the court recognized that addressing such issues at that time would be a consumption of judicial resources as the issues were not ripe." (Doc. 85, p. 2) He further argues that he received a "re-set" with respect to any timeliness issues, citing *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). For the reasons discussed below, I conclude that Bates' pending § 2255 motion is a "second or successive motion," filed without first obtaining certification from the Eighth Circuit, and that this Court lacks jurisdiction to consider the motion.

It is clear that none of the issues raised in the pending motion were raised by Bates in his first § 2255 motion. (Doc. 44) It is equally clear that the issues of ineffective assistance of counsel Bates now raises could have, and should have, been raised in that proceeding as all of the facts supporting such claims were known at that time. Bates' argument that these issues were not addressed by the Court of Appeals because "the court recognized that addressing such issues at that time would be

-8-

a consumption of judicial resources as the issues were not ripe" has no basis in fact. Those issues were not addressed by the Court of Appeals because Bates never raised them in his initial § 2255 motion, nor did he raise them in his direct appeal, and no where in its opinion did the Court of Appeals state that all other issues were not ripe. (Doc. 67-2) Moreover, while *Clay* clarified the starting date for a § 2255 motion after an unsuccessful direct appeal, it did not concern the issue of a second or successive motion under § 2255.

Bates may be suggesting that his motion is not successive because he is challenging a new, intervening judgment that resulted from the Court granting his first § 2255 motion. It has been held that where a "re-sentencing" in a State court leads to a "new judgment," an application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging at least some aspects of that new judgment is not second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 331, 342 n. 17, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). The Eighth Circuit has recognized that other courts have imported *Magwood's* inquiry about the entry of a new judgment to the § 2255 context. *See Dyab v. United States*, — F.3d —, 2017 WL 1717501 at *3 (8th Cir. May 4, 2017), citing *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010). Nonetheless, "[n]ot every change to a judgment results in a new sentence or judgment that wipes clean the slate of post-conviction motions previously filed." *Id*. Examples given in *Dyab* include sentence modifications pursuant to 18 U.S.C. § 3582(c) and corrections of clerical or typographical errors pursuant to Rule 36, F.R.Cr.P. *Id*.

In *Dyab*, an amended judgment was entered which reflected that one of Dyab's co-conspirators was jointly and severally liable for a portion of Dyab's restitution obligation, and the identities and addresses of certain restitution payees was updated; but, the amended judgment did not alter the total amount of restitution owed by Dyab or the amount of restitution owed to each

payee. *Id.* at *1. Commenting that "[t]here was no substantive proceeding that adjudicated Dyab's guilt or determined the appropriate punishment," and that "[t]he court did not alter the amount of Dyab's restitution obligation or otherwise change Dyab's sanction," the Eighth Circuit concluded that the amended judgment did not result in a new sentence or judgment that would permit Dyab to file a successive § 2255 motion. *Id.* at *3.

Here, Bates asserted that his trial counsel failed to file a notice of appeal after being instructed to do so, and with no objection by the Government, Bates' first § 2255 motion was granted so that an amended judgment could be entered which would permit Bates to file a timely notice of appeal. The Court's Order granting that relief reaffirmed the original sentence and directed the Clerk of the Court to enter an Amended Judgment imposing the same terms as the original Judgment. (Doc. 59) The Amended Judgment was entered on the same date. (Doc. 60) Just as in *Dyab*, there was no substantive proceeding that adjudicated Bates' guilt or determined the appropriate punishment, and the Court did not alter Bates' sentence in any way.

I conclude that the Amended Judgment (Doc. 60) did not result in a new sentence or judgment that would permit Bates to file a successive § 2255 motion without first obtaining certification from the Eighth Circuit Court of Appeals. As such, this Court has no jurisdiction to consider Bates' current motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because this Court has not been authorized by the Eighth Circuit Court of Appeals to consider a second or successive § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in

the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. *See* 28 U.S.C. § 2244. In the instant case, it would not be in the interests of justice to transfer the matter to the Court of Appeals for the Eighth Circuit for authorization as a second or successive filing under § 2255. This is because Bates does not assert (1) any newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h); *Washington v. Delo*, 51 F.3d 756, 759 (8th Cir. 1995) (claims in a later petition are properly dismissed either as successive, if they have been heard and decided on the merits in a previous petition, or as an abuse of the writ, if they were not previously raised but should have been) (*citing Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)).

Accordingly, I recommend dismissal of Bates' pending § 2255 motion.

### III. Conclusion

For the reasons and upon the authorities discussed above, I recommend that Bates' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 72) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May, 2017.

>   /s/ Mark E. Ford
>   HONORABLE MARK E. FORD
>   UNITED STATES MAGISTRATE JUDGE