UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                          No. 2:12-CR-20010

ROGER BATES                                                                          DEFENDANT

## ORDER

The Court has received a report and recommendations (Doc. 111) from United States Magistrate Judge Mark E. Ford. Defendant has filed objections (Doc. 117). The Court has reviewed the report and recommendations de novo in light of Defendant's objections.

The Magistrate recommends that Defendant's 28 U.S.C. § 2255 motion (Doc. 72) to vacate be denied. The Magistrate notes that Bates has agreed with the United States that his arguments concerning prosecutorial misconduct and a substantively unreasonable sentence do not provide grounds for relief on this motion to vacate. With respect to Defendant's remaining grounds for relief, the Magistrate recommends that the Court find that Defendant's trial counsel did not provide ineffective assistance when he chose not to request a *Franks* hearing or engage in other pretrial motion practice, or in connection with any pretrial investigation and advice that led to Defendant pleading guilty. Defendant objects that trial counsel's failure to investigate and file pretrial motions prevented Defendant from entering into a voluntary and intelligent plea, that trial counsel's misrepresentation about Defendant's sentencing exposure induced a guilty plea that Defendant otherwise would not have entered, and that the United States waived its opposition to Defendant's sentencing exposure argument. Defendant's objections largely restate his arguments before the Magistrate, and offer neither law nor fact requiring rejection of the report and recommendations.

1

The sentencing exposure argument is rejected wholesale. Defendant claims that trial counsel assured Defendant that by pleading guilty, he would be sentenced to five years or less. Not only did the Magistrate hear testimony on this issue at the evidentiary hearing and have an opportunity to evaluate witness demeanor while testifying, but the Magistrate identified other circumstances that led him to disbelieve Defendant's claim. Additionally, the undersigned took Defendant's plea in this case and had an opportunity to assess at that time whether Defendant understood the statutory sentencing range. The Magistrate's credibility determination supporting the report and recommendations requires the same outcome as the undersigned's prior credibility determination. Defendant understood at his change of plea hearing that on each count he faced a mandatory minimum of five years in prison, and his claims now that he received some assurance otherwise are not credible. Whether or not the United States waived any opposition to that argument is immaterial—Defendant's claim is not credible, and he cannot meet his burden to show that he is entitled to relief on this ground.

The argument based on failure to investigate and engage in motion practice also is rejected for the reasons set out by the Magistrate. Defendant claims that the law enforcement officer whose affidavit justified the search warrant was in a sexual relationship with Defendant's ex-girlfriend and received from her an SD card containing the images of child pornography used to support the search warrant and ultimately charge Defendant. Defendant argues that pretrial motion practice was appropriate because the officer's credibility, and Defendant's ex-girlfriend's credibility, regarding the source of these images was suspect. Defendant ignores that the search warrant also states that the officer interviewed the minor victims actually depicted in the child pornography, who reported that Defendant did, indeed, create the images depicting them. Regardless of the provenance of the SD card, the search warrant would have been justified based on probable cause

and there would have been no basis for a motion to suppress. Defendant also argues that pretrial investigation would have led trial counsel to put on some affirmative defense, rather than just to try and attack the Government's case through cross-examination of Government witnesses. The Court agrees with the Magistrate that trial counsel's performance regarding pretrial investigation was not deficient. Even if it were, Defendant never clearly explains what evidence trial counsel would have obtained that could not be drawn out on cross-examination of Government witnesses and that would have led trial counsel to provide Defendant with different advice regarding the plea agreement, or led Defendant to proceed to trial, and so Defendant fails to meet his burden of demonstrating that any deficiency resulted in actual prejudice.

IT IS THEREFORE ORDERED that the report and recommendations (Doc. 111) is ADOPTED IN ITS ENTIRETY and Defendant's motion to vacate (Doc. 72) is DENIED. No certificate of appealability will issue.

IT IS SO ORDERED this 8th day of January, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE