UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                        No. 2:12-CR-20010

ROGER BATES                                                                                    DEFENDANT

## OPINION AND ORDER

Defendant Roger Bates filed a motion (Doc. 130) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 133) in opposition and an exhibit (Doc. 133-1) under seal. Defendant filed a reply (Doc. 134), which the Court has considered. The Court also received several letters supporting Defendant's motion, but those letters have not been considered. The Court has reviewed other documents on the docket, including the presentence investigation report (Doc. 27). The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On August 13, 2012, Defendant pled guilty to two counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). On December 18, 2012, Defendant was sentenced to 360 months of imprisonment and a life term of supervised release on each count, with the terms to run consecutively. The Government agrees that Defendant has exhausted his administrative remedies. (Doc. 133, p. 1).

Defendant argues that the COVID-19 pandemic is an extraordinary and compelling reason justifying compassionate release.  Defendant contends that his age puts him at an elevated risk of severe illness or death were he to contract COVID-19.  Defendant also states that he is at a low risk for recidivism because he has been incarcerated for over 10 years and has participated in rehabilitative programming while incarcerated.  Defendant has served approximately 15 percent of his 60-year sentence and is projected to be released on February 26, 2063.

The motion will be denied in this case because the § 3553(a) factors do not support modification of Defendant's sentence.  Defendant pled guilty to committing hands-on sexual offenses against minors.  The presentence investigation report indicates that Defendant committed the offenses while the minors in question were in his care and control.  Defendant produced and maintained photographs of the offenses.  The Court finds that Defendant's time served to date is not significant enough to reflect the seriousness of his misconduct, promote respect for the law, or provide just punishment for the offenses.  The Court also finds the length of Defendant's sentence is necessary to protect the public from further crimes of the defendant.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 130) is DENIED.

IT IS SO ORDERED this 29th day of June, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE